# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN TOWER CORPORATION, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>v.<br>THE CITY OF SAN DIEGO, California, THE CITY COUNCIL OF TH CITY OF SAN DIEGO, California, AND THE DEVELOPMENT SERVICES DEPARTMENT OF THE CITY OF SAN DIEGO, California,<br><br>　　　　　　　Defendants. | Civil No.07cv0399 LAB (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE AN AMENDED COMPLAINT *NUNC PRO TUNC* TO AUGUST 29, 2007**<br><br>[Doc. No 18] |

On August 29, 2007, Plaintiff American Tower Corporation attempted to file an amended complaint without leave of court in violation of Federal Rule of Civil Procedure 15(a) [Doc. No. 16 - Stricken per Doc. No. 17]. On September 5, 2007, presiding District Judge Larry A. Burns ordered the amended complaint stricken from the record due to the procedural infraction [Doc. No. 17]. Two days later Plaintiff filed an *Ex Parte* application seeking retraction of the discrepancy order, or in the alternative, leave to file the amended complaint *nunc pro tunc* to August 29, 2007 [Doc. No. 18]. On September 11, 2007, Judge Burns referred this matter to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A) [Doc. No. 19]. For the reasons outlined below, the Court **GRANTS** Plaintiff's *Ex Parte* Application.

/ / /

## BACKGROUND

On March 2, 2007, Plaintiff filed suit against Defendants City of San Diego, the City Council of San Diego, and the Development Services Department of the City of San Diego, alleging that Defendants' "Conditional Use Permit" ("CUP") scheme that regulates the installation and operation of wireless communication facilities violates federal and state laws. (*See Complaint*, Doc. No. 1.) Plaintiff seeks declaratory and injunctive relief from the Court, a writ of mandamus ordering Defendants to implement revised CUP guidelines that comply with applicable federal and state laws, as well as damages, costs, and attorneys fees. (*Id*. ¶ 4.) On March 29, 2007, Defendants filed an answer to Plaintiff's complaint [Doc. No. 9.]

This Court held an Early Neutral Evaluation conference with the parties on April 30, 2007. The case did not settle, and the Court issued an order setting deadlines for compliance with Federal Rule of Civil Procedure 26(f), as well as a telephonic Case Management Conference ("CMC") [Doc. No. 12]. On July 10, 2007, the Court convened the telephonic CMC. Attorney Robert Jystad participated on behalf of Plaintiff, and attorney Christine Fitzgerald participated on behalf of Defendants [Doc. No. 13]. The attorneys spoke briefly with the Court's law clerk regarding pretrial scheduling. Subsequent to the CMC, the Court issued a Scheduling Order regulating discovery and other pretrial deadlines [Doc. No. 14]. In consideration of Plaintiff's counsel's oral request during the CMC for an extended period of time to file an amended complaint, and based on defense counsel's oral representation of non-opposition to that request, the Court set a deadline of October 5, 2007 for the parties to file "any motion to join other parties, to amend the pleadings, or to file additional pleadings."[1] (*See Court's Scheduling Order* ¶ 1.) On August 29, 2007, Plaintiff attempted to file an amended complaint, but failed to do so via noticed motion seeking leave of court to permit the filing. This constituted a violation of Rule 15(a) as well as this Court's Scheduling Order. The filing was rejected via Judge Burns' Discrepancy Order [Doc. No. 17], stricken from the record, and the instant proceedings ensued.

Plaintiff seeks leave of court to file an amended complaint, and requests that if leave is so granted the document be filed *nunc pro tunc* to August 29, 2007. Plaintiff argues that the original filing

---

[1] Generally, this deadline is set for approximately thirty (30) days from the date of the Case Management Conference, but the period of time in which to file a motion to amend pleadings, file additional pleadings, or join additional parties can be extended at the Court's discretion.

date must be preserved so that Plaintiff's newly added claims are not barred by the passing of an applicable statute of limitations period. (*Plaintiff's Ex Parte Application*, 5.) On September 13, 2007, the Court set a briefing schedule on Plaintiff's *Ex Parte* Application [Doc. No. 20]. In compliance with the schedule, Defendants filed a statement of non-opposition to Plaintiff's application [Doc. No. 21]. Defendants do not oppose Plaintiff's request, but state that their non-opposition does not constitute a waiver of any "available procedural, legal or substantive challenges or affirmative defenses" to the amended complaint in the event that it becomes the operative pleading in this matter. (*Defendants' Non-Opposition*, 2.)

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Otherwise a party may amend its pleading only by leave of court or by *written* consent of the adverse party. FED. R. CIV. P. 15(a). Leave to file an amended pleading under Rule 15(a) "shall be freely given when justice so requires" and this policy " 'is to be applied with extreme liberality.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(*quoting Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Inferences should be drawn "in favor of granting the motion" to amend. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Grant or denial of leave to amend is within the sound discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir.1996). Rule 15(a)'s liberal policy favoring amendments is subject to some limitations. When evaluating whether to grant leave to amend, the Court considers whether the amendment 1) would cause prejudice to the opposing party; 2) is sought in bad faith or with dilatory motive; 3) is futile; 4) creates undue delay; or 5) comes after repeated failure to cure deficiencies by previous amendment. *Owens*, 244 F.3d at 712; *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Although the grant of leave to amend is discretionary, in the absence of any of these factors there is a presumption that leave will be granted. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A denial of leave to amend "without any justifying reason appearing for the denial is not an exercise in discretion." *Foman v. Davis*, 371 U.S. 178, 182-3 (1962). Therefore, unless a reason exists to deny leave to amend, discretion of the Court is not broad enough to permit denial.

Where the record fails to indicate the Court's reasons for denial of the motion to amend, reversal is likely. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 691 (9th Cir. 1993).

The Court finds that Plaintiff's amended complaint would not cause undue prejudice or delay, is not the result of a failure to cure a previously deficient complaint, and is not sought in bad faith or with dilatory motive. Defendants do not oppose the filing, which is timely under the terms of the Court's Scheduling Order. Plaintiff states that the failure to seek leave of court prior to filing the amended complaint was the result of mistake, and although the Court does not appreciate nor agree with Plaintiff's counsel's representations regarding discussions held during the telephonic CMC, the Court does not believe that Plaintiff comes before it now in bad faith.[2] Pursuant to the liberal policy of granting amendments under Rule 15(a), the Court shall grant Plaintiff's request to file an amended complaint. Further, the Court shall order the Clerk of Court to file the amended complaint *nunc pro tunc* to August 29, 2007, based on Defendants' statement of non-opposition to the request and to avoid any potential prejudice to Plaintiff that may result by filing the amended complaint subsequent to that date.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiff's *Ex Parte* Application for leave to file an amended complaint *nunc pro tunc* to August 29, 2007 [Doc. No. 18]. Accordingly, Plaintiff shall electronically re-file the amended complaint previously stricken from the record on or before ***September 26, 2007*** and subsequent to its filing, the Clerk of this Court is hereby **ORDERED** to amend the record of this case so that it shall reflect that Plaintiff filed the amended complaint on ***August 29, 2007***.

In the interests of judicial economy, in consideration of the resources expended by both the

---

[2] Plaintiff argues in support of the *Ex Parte* Application that the failure to seek leave of court to file an amended complaint resulted from Plaintiff's counsel's misunderstanding the discussion with opposing counsel and the Court's law clerk during the telephonic CMC regarding the Court's willingness to set an extended deadline for filing a motion to amend. (*Plaintiff's Ex Parte Application*, 2-4.) However, having considered Plaintiff's argument and allegations regarding the conversation that took place during the telephonic CMC, the Court chooses to base its ruling on this matter solely on the legal principles embodied in Rule 15 and the Defendants' non-opposition to Plaintiff's application and attaches no weight to Plaintiff's counsel's statements. Furthermore, the Court advises Plaintiff's counsel that law clerks may not, and in this case did not, authorize actions by attorneys that are not in compliance with the Federal Rules of Civil Procedure or this Court's Local Civil Rules; nor may a law clerk, nor the did the Court's law clerk in the instant case, advise either attorney to proceed in a manner procedurally inappropriate or contrary to the Court's own Scheduling Order.

Court and the parties in relation to the instant matter, and to help ensure that further procedural violations do not occur in this case due to a misunderstanding by counsel of the applicability of the Federal Rules of Civil Procedure to all proceedings before this Court, **IT IS FURTHER ORDERED THAT** Plaintiff's counsel, Robert Jystad, shall file a Declaration on or before *__October 5, 2007__* stating that he has reviewed Federal Rules of Civil Procedure 11, 15, 16, and 26 -37, as well as the Court's Local Civil Rules.

**IT IS SO ORDERED**.

DATED:  September 24, 2007

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge