FILED

10 NOV -8 AM 9:09


DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CELL TOWER LITIGATION | CASE NO. 07cv399 BEN (WVG)<br>[Consolidated with 08cv0435 BEN-WVG; 08cv0864 BEN-WVG; 09cv0439 BEN-WVG; 09cv0681 BEN-WVG; 09cv1879 BEN-WVG; 09cv1888 BEN-WVG]<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Dkt. No. 152.] |

Defendant City of San Diego's motion for reconsideration of the Court's decision denying the City's motion to dismiss *Verizon Wireless v. City of San Diego*, 09cv681 BEN (WVG) is before the Court. Dkt. No. 152. On August 27, 2010, the Court denied the City's motion to dismiss Plaintiff Verizon Wireless' First Amended Complaint in the 09cv681 based on two statutes of limitation. On September 24, 2010, the City filed its motion for reconsideration based, in part, on its inability to file a reply brief addressing Plaintiff Verizon Wireless' Opposition to the City's motion to dismiss. The Court finds this motion appropriate for decision without oral argument and **DENIES** the City's motion for reconsideration. CivLR 7.1(d).

///

1    The City moves for reconsideration pursuant to Civil Local Rule 7.1(i). Reconsideration of a previous order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 877, 890 (9th Cir. 2000)).

Despite the absence of highly unusual circumstances, newly discovered evidence, clear error or an intervening change in controlling law, the Court has considered the City's motion. As the Court explained in its prior order, the statutes of limitation on Verizon's claims regarding the 30th Place and Mt. Ada sites were tolled by way of a tolling agreement until February 5, 2010 and then by the stay that was in place in this case before the tolling agreement expired. Verizon's claims are not barred by the statutes of limitation and the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 5, 2010

Hon. Roger T. Benitez
United States District Court Judge