1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11                                   )  Civil No. 07-0399-BEN(WVG)
                                     )
12                                   )  ORDER VACATING CASE MANAGEMENT
                                     )  DATES AND SUSPENDING DISCOVERY
13                                   )
      IN RE CELL TOWER LITIGATION    )  ORDER SETTING SETTLEMENT
14                                   )  CONFERENCE
                                     )
15                                   )
                                     )
16  _____ )

17

18          On March 25, 2011, the Court conducted a Status Conference in

19    the above-entitled action. At the conference, the Court discussed

20    with counsel the status of discovery and the desire for a settlement

21    conference. Also, at the conference, the Court suggested an approach

22    to allow enough time for counsel to prepare for, and enter into,

23    meaningful settlement negotiations, that was subject to the approval

24    of the District Judge assigned to this matter.

25          IT IS HEREBY ORDERED:

26          1.  The dates set in the Amended Case Management Conference

27    Order filed on February 16, 2011 are vacated.

28

07cv0399

2.   All formal discovery is suspended until further order of the Court.

3.   Plaintiffs' and Defendant's counsel shall meet and confer forthwith regarding the information and documents Defendant needs to enter into meaningful settlement negotiations. At the meet and confer session(s), Defendant shall identify the information and documents it needs for such purpose. On or before <u>April 11, 2011</u>, Plaintiffs shall produce to Defendant the information and documents identified by Defendant.

4.   On or after <u>May 12, 2011</u>, Plaintiffs' and Defendant's counsel shall meet and confer regarding settlement of this action.

5.   A Settlement Conference will be held on <u>June 6, 2011</u>, at <u>9:00 AM</u> in Courtroom F.

All parties or their representatives who have full authority to enter into a binding settlement, in addition to the attorneys participating in the litigation, shall be present at the conference.

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settle-ment.

"Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable

07cv0399

to the parties.  <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).   The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).   The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

6.   On or before <u>May 24, 2011</u>, Plaintiffs' and Defendant's counsel shall submit settlement conference briefs to the chambers of Magistrate Judge Gallo.

DATED:   April 4, 2011

_____
Hon. William V. Gallo
U.S. Magistrate Judge

07cv0399