1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12

13 IN RE CELL TOWER LITIGATION

14

15

16

17

| | LEAD CASE NO.: 07cv399 BEN (WVG) CONSOLIDATED WITH CASE NO.: 08cv435 BEN (WVG) **ORDER GRANTING THE CITY'S SUCCESSIVE MOTION FOR SUMMARY JUDGMENT** [Dkt. No. 304] |
|---|---|

18

19 **INTRODUCTION**

20      On August 26, 2011, the Court issued a decision on the parties' cross-motions for summary

21 judgment in Case No. 08cv435 BEN (WVG).  (Dkt. No. 292.)  The Court's decision disposed of all

22 claims except for Claim III (unreasonable delay under the Telecommunications Act ("TCA")) and

23 Claim VI (Equal Protection), because the City did not move for summary judgment on those two

24 claims.  The City has filed a successive motion for summary judgment addressing these remaining

25 claims. (Dkt. No. 304.) ATC opposes the motion. (Dkt. No. 310.)  For the reasons discussed below,

26 the Court **GRANTS** the City's successive motion for summary judgment.

27 **BACKGROUND**

28      The relevant background is outlined in the Court's August 26, 2011 decision.

**DISCUSSION**

"[D]istrict courts have discretion to entertain successive motions for summary judgment." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). "[A]llowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolutions of suits." *Id.* (quoting FED. R. CIV. P. 1).

Summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party meets this burden, the burden then shifts to the opposing party to set forth specific facts showing that a genuine issue remains for trial. *Id.* "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1)).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. Evidence raises a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 252.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). "A 'justifiable inference' is not necessarily the most likely inference or the most persuasive inference. Rather, 'an inference as to another material fact may be drawn in favor of the nonmoving party . . . if it is rational or reasonable.'" *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d

1539, 1542 (9th Cir. 1989) (quoting *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 631
(9th Cir. 1987)).

## I.      Successive Motion

The Court finds that the City's successive motion for summary judgment is appropriate under
the circumstances to achieve an efficient and final resolution of all claims in this case.  The Court has
already ruled that ATC cannot succeed on either of these claims.  Additionally, a trial on each of these
claims, when the Court did not find any genuine issues of material fact, would be a waste of the
parties' and the Court's resources, when the claims can be resolved without a trial.  Accordingly, the
Court considers the City's successive motion for summary judgment on ATC's two remaining claims.

## II.     TCA — 47 U.S.C. § 332(c)(7)(B)(ii)

Section 332(c)(7)(B)(ii) requires local governments to "act on any request for authorization to
place, construct, or modify personal wireless service facilities within a reasonable period of time."

As the Court explained in its prior order, ATC cannot succeed on this claim because the delays
ATC experienced were largely the result of an Extension Agreement between the parties that extended
the time for the City to act on ATC's applications in exchange for the City's willingness to delay code
enforcement on the relevant sites continuing with expired CUPs.  Additionally, contrary to ATC's
position, the City's violation of the Permit Streamlining Act ("PSA") does not establish unreasonable
delay.  Unlike the PSA, which imposes an unwaivable deadline subject only to a possible 90-day
extension, the breach of which results in the approval of the application, § 332(c)(7)(B)(ii) only
requires local governments to act within a reasonable time and does not preclude lengthy extensions
of time.  In this case, the parties agreed to a lengthy extension of time.  Given the parties' mutual
agreement to extend the time for the City to act on ATC's applications, the applications were acted
on within a reasonable period of time.  Accordingly, because ATC cannot succeed on its unreasonable
delay claim, the City is entitled to summary judgment on this claim.

## III.    Equal Protection

The Equal Protection Clause "is essentially a direction that all persons similarly situated should
be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Additionally,
municipal decisions, like those at issue here, "are presumptively constitutional and, therefore, need

1   only be rationally related to a legitimate state interest, unless the distinctive treatment of the party

2   involves either a fundamental right or a suspect classification." *Del Monte Dunes at Monterey, Ltd.*

3   *v. City of Monterey*, 920 F.2d 1496, 1508 (9th Cir. 1990).

4          As discussed in the Court's August 26, 2011 Order, ATC and the City are not similarly situated

5   entities.  The City's two towers are used primarily for City services with minimal leases, primarily to

6   other public entities, while ATC's towers are used entirely for commercial gain with substantially

7   greater revenue.  Nor is ATC similarly situated to other providers that may have obtained approval of

8   similar CUPs years before the applications relevant here.

9          Additionally, the City is enforcing facially neutral regulations that are rationally related to the

10  government's interest in minimizing, to the extent possible, the intrusion of wireless facilities on the

11  community.  ATC's new argument, never previously raised, that its commercial leasing of space on

12  its towers entirely for commercial gain implicates a fundamental right, is unsupported by any authority.

13  While cell phones may be used at times in support of protected speech, the connection is, at best,

14  tangential, and the claim that limiting the height or design of a cell tower to minimize intrusion on the

15  community implicates a fundamental right to engage in protected speech is unpersuasive.

16         As the Court previously found in ruling on the parties' motions for summary judgment, ATC

17  cannot succeed on its Equal Protection claim because ATC and the City are not similarly situated and

18  the City's regulations are rationally related to a legitimate government interest.  Accordingly, the City

19  is entitled to summary judgment on this claim.

## CONCLUSION

21         The City's successive motion for summary judgment is **GRANTED**.  The September 19, 2011

22  hearing date and November 8, 2011 trial date are vacated.

23  **IT IS SO ORDERED.**

24

25  DATED:  September 16, 2011

26  _____

27  Hon. Roger T. Benitez
    United States District Judge

28

07cv399/08cv435