# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IN RE CELL TOWER LITIGATION

LEAD CASE NO.: 07cv399 BEN (WVG)
CONSOLIDATED WITH CASE NO.: 08cv435 BEN (WVG)

**ORDER DENYING THE CITY'S MOTION FOR RECONSIDERATION**

[Dkt. No. 299]

## INTRODUCTION

Defendants City of San Diego, City Council of City of San Diego, and Development Services Department of City of San Diego (collectively "the City") have filed a Motion for Reconsideration and Clarification of the Court's orders on summary judgment in Case Nos. 07cv399 and 08cv435 and the judgment issued in Case No. 07cv399. The City asks the Court to reconsider its finding that the City violated the Permit Streamlining Act ("PSA"). The City also seeks clarification of the proper remedy for the PSA violation and of the Court's ruling in favor of the City on the 47 U.S.C. § 253 claim in Case No. 07cv399. Plaintiffs American Tower Corporation and T-Mobile West Corporation (collectively "ATC") oppose the City's request that the Court reconsider its rulings concerning the PSA claim, but do not oppose clarification of the proper remedy for the violation or clarification of the Court's ruling on the § 253 claim. For the reasons discussed below, the Court **DENIES** the City's request for reconsideration of the Court's prior rulings and clarifies the proper remedy for the PSA violation and the Court's ruling on the § 253 claim.

**BACKGROUND**

The Court need not repeat the factual background outlined in the Court's August 5, 2011, and August 26, 2011 Orders addressing the parties motions for summary judgment in Case Nos. 07cv399 and 08cv435.

**DISCUSSION**

Reconsideration of a previous order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

**I.  Permit Streamlining Act**

The City raises three issues with regard to the PSA claim. First, the City moves the Court to reconsider its analysis of the PSA claim. Second, the City moves the Court to reconsider its finding that the City violated the PSA specifically with regard to the Versus site based on estoppel. Third, the City seeks clarification of the proper remedy for the PSA violation with regard to the Versus, Mission Valley, and Border sites.

The City argues that the Court clearly erred as a matter of law in its analysis of the PSA claim. Specifically, the City disagrees with the Court's analysis of *Bickel v. City of Piedmont*, 16 Cal. 4th 1040 (1997)[1] and *Mahon v. County of San Mateo*, 139 Cal. App. 4th 812 (1st Dist. 2006). The Court has analyzed this issue and the relevant case law in detail in three prior orders, and need not reiterate that analysis a fourth time. While the City's briefing of the issue has become more extensive with each motion raising the issue, its fourth attempt does not change the Court's analysis or conclusion.

The City argues that it was unable to present an estoppel argument regarding the Versus site because ATC suddenly disavowed an Extension Agreement between the parties at a hearing on the cross motions for summary judgment addressing the Versus site. The City claims that this sudden

---

[1] *Bickel v. City of Piedmont* was superceded by statute on other grounds as recognized in *Riverwatch v. Cnty. of San Diego*, 76 Cal. App. 4th 1428 (4th Dist. 1999).

change in position raised new legal and factual issues regarding estoppel that the City was unable to present. This argument fails in two respects. First, the City has not presented any evidence that ATC ever agreed to or even suggested that the Extension Agreement between the parties applied to the PSA deadline. There was no sudden change of position that the City did not have an opportunity to address sufficient to justify reconsideration now. Second, even if the Court considered the City's estoppel argument, it cannot succeed because, as discussed at length in the Court's August 26, 2011 Order, the PSA deadline cannot be extended beyond 90 days. Assuming the Extension Agreement was valid, and in writing, and the parties mutually agreed to extend the PSA deadline, it would still not extend the time more than the 90-days allowed by the statute, leaving the City well short of the PSA deadline.

Finally, the City seeks clarification of the proper remedy for the Court's finding that the PSA was violated and the permits for the Versus, Mission Valley, and Border sites are deemed approved. The City does not dispute that the appropriate remedy for the PSA violations is issuance of the CUPs for the Versus, Mission Valley, and Border sites, but requests that the Court order the City to issue the CUPs and ATC to timely sign and return the CUPs for recording. ATC does not oppose this remedy, but requests numerous unnecessary and unjustified modifications to the standard CUP language employed by the City.[2] ATC's requested modifications are unjustified by the record before the Court or simply based on preferred conditions unlike the standard language that would have been approved when the CUPs were under consideration. Accordingly, the Court orders the City to issue the proposed CUPs with the exhibits requested by ATC attached to the relevant CUPs.[3] (Karen Lynch-Ashcraft Decl., Ex. A, B, C; Jamie T. Hall Decl., Exs. 4-7.)

///

///

///

---

[2]The Court notes that the City has provided a declaration explaining the origins of the draft language. (Karen Lynch-Ashcraft Decl.) The Border and Mission Valley CUPs proposed were prepared years ago during the administrative process for the benefit of the Planning Commission if it approved either site. (*Id.* at ¶¶ 4, 6.) The CUP proposed for the Versus site was prepared after this Court's Order deeming the CUP approved, but it was prepared using the standard language that would have been used if it had been approved during the administrative process. (*Id.* at ¶ 5.)

[3]The City does not oppose inclusion of these exhibits.

**II.     47 U.S.C. § 253**

The City requests clarification and alteration of the Court's ruling in Case No. 07cv399 in favor of the City on ATC's § 253 claim. Specifically, the City asks the Court to clarify whether the Court determined if ATC was a provider of "telecommunications services." ATC argues that clarification is unnecessary, but does not oppose clarification by the Court.

In moving for summary judgment, the City argued that because ATC was not a provider of telecommunications services, it could not bring a § 253 claim. But, in ruling on the § 253 claim, the Court did not need to address this issue. As the Court explained in its August 5, 2011 Order, in *Sprint Telephony PCS, L.P. v. County of San Diego*, 543 F.3d 571, 579 (9th Cir. 2008) (en banc) (*Sprint II*), the Ninth Circuit found that under both 47 U.S.C. § 332(c)(7)(B)(i)(II) and § 253(a), a plaintiff must establish effective prohibition of telecommunications services. *Sprint II*, 543 F.3d at 579 (declining to decide which provision a suit fell under because the legal standard was the same). Because the Court had already analyzed effective prohibition under § 332(c)(7)(B)(i)(II) and found that ATC could not establish effective prohibition, the Court found that the City was entitled to summary judgment on ATC's § 253 claim on that basis. The Court did not and need not address whether the claim might also be precluded on an additional basis, *i.e.*, because ATC might not qualify as a provider of telecommunications services.

**CONCLUSION**

The City's request for reconsideration of the Court's prior rulings is **DENIED.** The Court's August 5, 2011 and August 26, 2011 Orders are clarified with regard to the proper remedy for the PSA violation and the § 253 claim as outlined above. The September 19, 2011 hearing date is vacated.

**IT IS SO ORDERED.**

DATED: September 16, 2011

Hon. Roger T. Benitez
United States District Judge