FILED

2012 MAY 24  AM 10:01

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CELL TOWER LITIGATION | LEAD CASE NO. 07-cv-399 – BEN (WVG)<br>CONSOLIDATED WITH CASE NO. 08-cv-435 – BEN (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' RESPECTIVE MOTIONS TO RE-TAX COSTS**<br><br>[Doc. Nos. 321, 346, 347, 348] |

These cases involve alleged violations of certain portions of the Telecommunications Act of 1996, 47 U.S.C. §§ 251 *et seq.* Plaintiffs American Tower Corporation ("ATC") and T-Mobile West Corporation asserted that Defendants City of San Diego, City Council of City of San Diego, and Development Services Department of City of San Diego ("the City") denied them conditional use permits ("CUPs") for wireless communications facilities located at several sites. Currently before the Court are parties' respective motions to re-tax costs awarded by the Clerk of Court ("clerk"). Having considered the parties' arguments, and for the reasons set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motions and **ORDERS** that each party bear its own costs.

## BACKGROUND

The background is outlined in the Court's August 5, 2011 and August 26, 2011 orders ruling on the parties' cross-motions for summary judgment. [*See* Doc. Nos. 267, 292.] As relevant to these

motions, Plaintiffs filed several complaints (later consolidated with this lead case) seeking approval of CUPs for several sites. Plaintiffs alleged numerous claims against the City, including violations of the Telecommunications Act, preemption of the City's regulations, unreasonable discrimination, lack of substantial evidence for the City's determination, and violation of the Permit Streamlining Act ("PSA"). The Court ruled in the City's favor on all of Plaintiffs' claims except ATC's claims under the PSA. With regard to the PSA claims, the Court ordered the City to issue the CUPs sought by ATC. [*See* Order Denying the City's Motion for Reconsideration, at 3 [Doc. No. 313].)

On August 29, 2011, the Court entered judgment in Case No. 07-cv-399 in favor of the City on all of the claims except the PSA claim, and in favor of ATC on the PSA claim. [Doc. No. 296.] On August 30, 2011, the City filed a motion for reconsideration, which the Court denied on September 16, 2011. On September 16, 2011, the Court entered an amended judgment in Case No. 07-cv-399 in favor of the City on all of the claims except the PSA claim, and in favor of ATC on the PSA claim. [Doc. No. 315.] The Court also entered judgment in Case No. 08-cv-435 in favor of the City on all of the claims except the PSA claim, and in favor of ATC on the PSA claim. [Doc. No. 314.]

After the parties submitted their respective bills of costs, the clerk held several hearings regarding the taxation of costs. On September 27, 2011, the clerk taxed costs in Case No. 07-cv-399 in the amount of $42,221.82 against ATC. [Doc. No. 317.] On October 28, 2011, the clerk taxed costs in Case No. 07-cv-399 in the amount of $21,649.24 against the City. [Doc. No. 342.] Also on October 28, 2011, the clerk taxed costs in Case No. 08-cv-435 in the amount of $78,028.18 against ATC and in the amount of $21,445.56 against the City. [Doc. Nos. 341, 343.]

On October 4, 2011 and November 3, 2011, ATC filed timely motions to re-tax the clerk's September 27, 2011 (Case No. 07-cv-399) and October 28, 2011 (Case No. 08-cv-435) taxation of costs. [Doc. No. 321.] On November 4, 2011, the City filed timely motions to re-tax the clerk's October 28, 2011 (Case Nos. 07-cv-399 and 08-cv-435) taxation of costs. [Doc. Nos. 347, 348.]

Each party essentially argues that the clerk erred in taxing costs against it (but not the other party) because it (and not the other party) was the sole "prevailing party." Each party further contends that if the other party is to be considered the "prevailing party," the Court should exercise its discretion in denying that party recovery of costs. Finally, the City argues that to the extent the Court allows

costs to be taxed against the City, the Court should reduce the amount of those costs. The Court decides these motions without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that unless a federal statute, the rules, or a court order direct otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." The clerk may tax costs on 14 days' notice. *Id.* The Court may review the clerk's action upon a motion served within seven days after the costs are taxed. *Id.* The Court reviews the clerk's taxation of costs de novo. *Rivera v. NIBCO*, 701 F. Supp. 2d 1135, 1137 (E.D. Cal. 2010).

## DISCUSSION

Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mex.-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "Courts consistently confirm that 'a party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citations omitted). It is not necessary for the party to prevail on all of its claims to be considered the prevailing party. *Id.* Rather, what is necessary is for the party to obtain some "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the [other party's] behavior in a way that directly benefits [the first party]." *See Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992) (concluding that a plaintiff who wins nominal damages is a prevailing party under 42 U.S.C. § 1988).

In the present case, the parties disagree as to which one of them qualifies as the "prevailing party." On the one hand, the City argues persuasively that it should be considered the prevailing party because it had judgment entered in its favor on the majority of Plaintiffs' claims. On the other hand, ATC is equally persuasive in arguing that it is the prevailing party because, although it did not succeed on most of its claims, it was successful in obtaining the ultimate relief sought in the complaints—the issuance of the renewed CUPs for the several sites. Accordingly, each party appears to have prevailed to some extent in these cases. This quandary creates a dilemma for the Court because, as the parties acknowledge, although the clerk taxed the costs against both parties, there can be only one prevailing party under Rule 54(d)(1). *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

It is hard for the Court to determine whether the City or ATC prevailed the most. Pursuant to Civil Local Rule 54.1(f), in the event each side recovers in part, "ordinarily the party recovering the larger sum will be considered the prevailing party." In this case, the City did not "recover" anything. At the same time, it successfully defended against a plenitude of Plaintiffs' accusations and avoided paying any damages or attorney's fees to Plaintiffs. On the other hand, ATC lost on all of its claims, except the PSA claim. But that one claim provided ATC with the ultimate relief sought—the issuance of the CUPs despite the City's refusal to do so. Accordingly, no matter how the Court looks at it, this case represents a stereotypical example of a mixed judgment. The Ninth Circuit has indicated that "[i]n the event of a mixed judgment, . . . it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996). Having considered all of the relevant circumstances in these cases, and in light of the mixed judgment, the Court will exercise its discretion and will require each party to bear its own costs.

## CONCLUSION

In light of the mixed judgments in these cases, the Court will exercise its discretion and will required each party to bear its own costs. Accordingly, the parties' respective motions to re-tax costs are **GRANTED IN PART and DENIED IN PART**. The Court **ORDERS** that the clerk's taxation of costs be **RE-TAXED** such that the costs are not taxed against either party.

**IT IS SO ORDERED.**

Date: May 24, 2012

Honorable Roger T. Benitez
United States District Judge