FILED

2015 AUG 10  PM 1: 15

CLERK, US. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY____T.h.____DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE CELL TOWER LITIGATION, | Case Nos.: 07CV399 BEN (WVG);<br>08CV435 BEN (WVG) |
|---|---|
| | **ORDER GRANTING IN PART AND DENYING IN PART ATC'S MOTION TO RETAX COSTS**<br><br>[Docket No. 382] |

Plaintiffs American Tower Corporation and T-Mobile West Corporation's ("ATC") Motion to Re-Tax Costs is before the Court. (Docket No. 382.) ATC challenges the Clerk's Order Taxing Costs. (Docket No. 381.) Defendant City of San Diego has filed an Opposition and ATC has filed a Reply. (Docket Nos. 383-384.)

The Court need not recount the lengthy history of this litigation as the parties agree that the City is the prevailing party. The Court need only determine if the City is entitled to the costs taxed.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th

1    Cir.2006).  Only those costs enumerated in 28 U.S.C. § 1920 are available under Rule

2    54(d).  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  Section

3    1920 provides for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily
> obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any
> materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, and costs of special
> interpretation services under section 1828 of this title.

11    Civil Local Rule 54.1(b) also identifies in greater detail the types of items in the

12   above categories that it is the custom of the court to allow.

13    "[T]here is a presumption that the prevailing party will be awarded its taxable

14   costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006) (citing *Save Our*

15   *Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003)).  "The losing party must

16   show why costs should not be awarded." *Save Our Valley*, 335 F.3d at 945.  However,

17   numerous district courts have noted that this presumption arises once the prevailing party

18   has established the costs it seeks are taxable, *i.e.* are encompassed by § 1920.  *Ancora*

19   *Techs., Inc. v. Apple, Inc.*, 2013 WL 4532927, at *2 (N.D. Cal. Aug. 26, 2013) (collecting

20   cases).

21    ATC's challenges certain deposition and copy costs taxed.  The Court has

22   considered ATC's challenges and finds the costs are all taxable with one exception.

23    ATC argues in its Motion that that the City has included copy costs that were not

24   necessarily incurred in the cases in which the City prevailed — 07cv399 and 08cv435.  In

25   essence, ATC asserts that the City has included copy costs associated with cases in which

26   ATC was not a party and cases in which ATC was a party but the cases were dismissed

27   by stipulation of the parties with each party to bear its own costs.  This would include a

1    portion of the 07cv399 case because the parties jointly dismissed the claims in that case

2    as to the Federal Boulevard site, one of two sites at issue.  In Opposition, the City

3    explains that the copy costs it has included are only those costs associated with ATC, not

4    any other plaintiffs.  This addresses one issue — the three jointly dismissed cases in

5    which ATC was not a party.  However, this leaves two cases in which ATC was a

6    plaintiff that were dismissed by joint motion and a portion of the 07cv399 case.  This

7    presents a problem because copy costs must be "necessarily obtained for use" in the case

8    in which the party prevailed.  § 1920(4); Rule 54(d)(1).  Because the City has included

9    copy costs associated with cases and claims dismissed by joint motion, the City has

10   included costs it is not entitled to under § 1920.

11          Although this deficiency does not require exclusion of all the copy costs sought, a

12   reduction is warranted.  The Court has considered the records of these cases, the

13   overlapping claims, and the distinctions as to the sites at issue and finds that a ten percent

14   reduction in the copy costs appropriately reduces the copy costs to account for the costs

15   associated with cases and claims in which the City was not a prevailing party.  The fees

16   for exemplification and copies are reduced from $93,334.88 to $84,001.39.

17          The Court otherwise finds the costs taxed by the Clerk taxable and that no other

18   reductions are warranted.

19                              **CONCLUSION**

20          The Court **GRANTS** the Motion to Retax as to costs for exemplification and

21   copies and reduces the taxable amount from $93,334.88 to $84,001.39.  The Motion is

22   otherwise **DENIED**.

23          **IT IS SO ORDERED.**

24

25   DATED: _____

26                                                    Hon. Roger T. Benitez
                                                     United States District Court Judge
27

3